UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM KUNTZ, III,

                Plaintiff,

    v.                                            8:19-CV-602
                                                     (GLS/DJS)

THE GRAND UNION CAPITAL CORP.,

                Defendant.

---

**APPEARANCES:**                            **OF COUNSEL:**

WILLIAM KUNTZ, III
Plaintiff, *Pro Se*
Nantucket Island, MA 02554-1801

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

This action was filed on May 21, 2019. Dkt. No. 1. On February 10, 2020, Plaintiff filed an "Acknowledgment of Non-Service" which consisted of a letter advising Plaintiff that the entity Plaintiff attempted to serve as the agent of Defendant was unable to do so. Dkt. No. 10 at p. 2. This Court then issued an Order noting the apparent lack of proper service and directing Plaintiff to provide proof of service. Dkt. No. 11. Plaintiff responded, relying again on his having mailed a copy of the Summons and Complaint to what he believed was Defendant's registered agent for service. Dkt. No. 12. Plaintiff has now moved for a default judgment. Dkt. No. 14.

For the reasons that follow, the Court recommends that the Motion for Default Judgment be denied and the Complaint be dismissed pursuant to FED. R. CIV. P. 4(m).

First, Plaintiff's Motion is procedurally improper because "[a] Clerk's entry of default is a prerequisite under Federal Rule of Civil Procedure 55(a) to the Court's consideration of a motion for a default judgment." *Davis v. Castleberry*, 2004 WL 1737368, at *1 (W.D.N.Y. Aug. 2, 2004); *see also Engineers Joint Welfare, Pension, Supplemental Unemployment Ben. & Training Funds v. B.B.L. Constructors, Inc.*, 825 F. Supp. 13, 16 (N.D.N.Y. 1993) ("an entry of default is a prerequisite to a default judgment under Rule 55(b)"). Since no default has been entered by the Clerk, the Motion is premature and can be denied on that basis.

More fundamentally, a default judgment is not appropriate in this case because Plaintiff has failed to demonstrate that Defendant was properly served with process in this action. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Plaintiff bears the burden of showing that proper service of process was completed. *See Sikhs for Just. v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012). Plaintiff relies exclusively on service of the Defendant's purported agent for service of process, Corporation Trust Company. *See* Dkt. Nos. 10 & 12. Under Federal Rule of Civil Procedure 4(h)(1)(B) service of process

2

may be made upon a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized . . . to receive service of process." Key to the rule is that the agent be *authorized* to accept service. Plaintiff's service attempt made clear, however, that Corporation Trust was no longer authorized to accept service on behalf of Defendant.[1] Corporation Trust responded to the attempt to serve Defendant and notified Plaintiff that its "services for [Defendant] have also been discontinued for more than five (5) years." Dkt. No. 10 at p. 2. While a process server[2] may rely upon the corporation's employees to identify the individuals authorized to accept service, that reliance must be reasonable. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). Plaintiff cannot be said to have reasonably relied on Corporation Trust's letter that it could not forward the summons and complaint to Defendant as evidence that Defendant had, in fact, been served.

---

[1] For the same reasons, Plaintiff has not established that he served Defendant under applicable New York rules for service on a corporation. *See Yongwei Zhang v. How Ho Cheng*, 2011 WL 6376728, at *3 (S.D.N.Y. Dec. 19, 2011).

[2] This highlights an additional flaw in Plaintiff's attempt to serve Defendant as it appears that he forwarded the documents to Corporation trust himself. *See* Dkt. Nos. 8 & 12-1. "A party, even one proceeding *pro se*, cannot serve his own process, FED. R. CIV. P. 4(c)(2)." *Burmaster v. Pfizer Inc*., 2018 WL 5779133, at *7 (W.D.N.Y. Apr. 23, 2018), *report and recommendation adopted*, 2018 WL 5777032 (W.D.N.Y. Nov. 2, 2018). Plaintiff "has not shown that the summons was delivered to an authorized agent of Defendant by a non-party." *Jordan-Rowell v. Fairway Supermarket*, 2019 WL 570709, at *6 (S.D.N.Y. Jan. 16, 2019), *report and recommendation adopted*, 2019 WL 568966 (S.D.N.Y. Feb. 12, 2019).

3

Under FED. R. CIV. P. 4(m) if a defendant is not served within 90 days after the complaint is filed, the Court may, once Plaintiff has been provided of notice of the failure to serve, dismiss the action without prejudice against that defendant. Here, given that it has been over two years since the Complaint was filed and it appears that Defendant has not been served, the Court recommends dismissal of this action without prejudice under Rule 4(m).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 14) be **DENIED**; and it is further

**RECOMMENDED**, that the Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v.*

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

4

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  December 8, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

5